UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL DUDGEON,<br><br>                Plaintiff,<br><br>   v.<br><br>KELLY CUNNINGHAM, CAREY STURGEON, MELISSA SOHLSTROM, and JOSEPH MITROVICH,<br><br>                Defendants. | No. C10-5372 RBL/KLS<br><br>ORDER DENYING MOTION TO COMPEL PRODUCTION |

      Plaintiff Cecil Dudgeon is civilly committed as a sexually violent predator to the Special Commitment Center (SCC) pursuant to Wash. Rev. Code 71.09.  Mr. Dudgeon filed this action claiming that Defendants Kelly Cunningham, Carey Sturgeon, Melissa Green (formerly Sohlstrom), and Joseph Mitrovitch violated his civil rights when they denied him access to a calendar containing family photographs.  ECF No. 1.  Presently before the court is Plaintiff's Motion to Compel Production of Discovery.  ECF No. 33.  The court has carefully reviewed the motion and supporting declaration, Defendants' Response and supporting declaration (ECF Nos. 35 and 36), and Plaintiff's Reply (ECF No. 38).  For the reasons stated below, the court finds that the motion should be denied.

**STATEMENT OF FACTS**

**A.     Plaintiff's Allegations**

      In his complaint, Mr. Dudgeon alleges that on February 2, 2010, he received an "8 ½ by 11-inch booklet style calendar prepared and sent to him by a member of his immediate family." ECF No. 1, p. 5.  The calendar contained a calendar for each month of the year 2010, with a

ORDER - 1

collage of computer generated photographs of family members on the facing pages. *Id.* The same type of calendar had been prepared and sent to Mr. Dudgeon in prior years and he had been permitted to keep the calendar without any pre-approval by SCC staff. *Id.* Mr. Dudgeon alleges that he was denied approval to keep the 2010 calendar based on his "offense history," which consisted of sexual improprieties with females who were not fully sexually developed." *Id.*, p. 7. Mr. Dudgeon claims that these allegations as to his offense history are untrue and unfounded and that the calendar in question contained no sexually explicit images nor were any of the photographic images in violation of SCC policy. *Id.*, p. 7. Mr. Dudgeon claims that the false allegations will be used for "unwarranted governmental interference in the delivery of [his] mail in the future." *Id.*, p. 9.

**B.    SCC Mail Policy and Denial of Calendar[1]**

It is SCC policy to review photos that come into the institution to ensure they are not detrimental to the treatment environment. ECF No. 13, ¶ 2. Pursuant to SCC Policy 208, Sexually Explicit, Violent and Related Material, SCC prohibits a resident from possessing or viewing representations of persons identified as being in the resident's victim range/profile(s) and images of past victims. ECF No. 13, ¶ 3. It is the professional judgment of SCC officials that it is counter therapeutic for individuals in a total confinement facility for sexually violent predators to possess pictures or media that depict their victim range or profile because these materials may be used for masturbation purposes and reinforce their deviant sexual interests. *Id.*, ¶ 4. This is especially problematic for residents like Mr. Dudgeon, who are not addressing and

---

[1] A more detailed recitation of the facts and evidence may be found in the court's report and recommendation relating to Mr. Dudgeon's motion for preliminary injunction. ECF No. 19. Presented here are the facts and evidence relevant to Mr. Dudgeon's discovery requests.

ORDER - 2

attempting to manage their deviant sexual interests by participating in treatment. *Id.*; ECF No. 12, ¶ 9.

If mail sent to a resident contains photographs, the mail is held to allow the resident's Clinical Director or the Program Area Manager to decide whether the item is appropriate for the resident to possess. ECF No. 14, ¶ 5. In this case, Mr. Dudgeon's Program Area Manager Melissa Green, and Joseph Mitrovitch, the Psychology Associate assigned to Mr. Dudgeon, reviewed the photographs, Mr. Dudgeon's offense history, Mr. Dudgeon's New Admission Profile (NAP) and most recent Annual Review (AR), and Mr. Dudgeon's offense history. Dkts. 11 and 12. The NAP is compiled by a clinical staff member (i.e., a psychologist or psychology associate) when a resident is initially transferred to the SCC. The NAP contains basic information about a new resident such as their date of birth and county where the State filed the civil commitment petition. It also includes a short narrative of the resident's sex offender history, prior diagnoses, and any prior treatment. Dkt. 13, ¶ 5. The AR is a document generated on an annual basis by a psychologist from SCC's Forensic Services Unit, and contains among other things, the resident's diagnosis, a discussion on their progress in treatment if applicable, their behavior at the institution over the past year, and an opinion as to whether the resident still meets the statutory criteria as an Sexually Violent Predator (SVP). ECF No. 13, ¶ 6.

The calendar included photographs of young girls and young women of the age consistent with the victims identified in Mr. Dudgeon's NAP and AR. ECF No. 11, ¶ 9; ECF No. 12, p 9. Based on Mr. Dudgeon's offense history, Ms. Green and Mr. Mitrovitch determined that the photos violated SCC policy because they were representations of persons identified as being in Mr. Dudgeon's victim range and profile. *Id.* Mr. Mitrovitch was also concerned because Mr. Dudgeon does not participate in sex offender treatment and therefore it was

ORDER - 3

unknown if the photos would be a trigger for Mr. Dudgeon, or how he would use them.  ECF No. 12, ¶ 10.

## C.     Discovery Requests at Issue

Mr. Dudgeon seeks to compel Defendant Carey Sturgeon's answers to the following interrogatories:

> **INTERROGATORY No. 5:** How many individuals do you have on your full time staff who are licensed to practice psychology in the State of Washington?
>
> **INTERROGATORY No. 6:** Of those individuals referred to in Interrogatory No. 5, how many are Board Certified in the diagnosis and treatment of sexual disorders?
>
> **INTERROGATORY No. 7:** Do those individuals on your staff who meet the criteria listed in Interrogatories No. 5 and No. 6 conduct all the sexual deviancy treatment programs and activities being conducted at the SCC?
>
> **INTERROGATORY No. 9:** During all the treatment activities or evaluation processes, individual or group, being conducted at the SCC by other than a licensed psychologist, is there a licensed psychologist in the immediate vicinity supervising the non-licensed individual conducting the activity and/or does a licensed psychologist subsequently review the conclusions and recommendations of the individual conducting each activity?

*See* ECF No. 35, Exh. 1.  To each of the above interrogatories, defendants responded: "Objection-relevancy. The information requested is not relevant to the subject matter of the case and is not reasonably calculated to lead to the discovery of admissible evidence."   ECF No. 36, pp. 1-2.  Mr. Dudgeon has been provided with copies of the curricula vitae of Defendants Melissa Green and Joseph Mitrovich.  *Id.*, p. 2.  Defendants did not further respond or provide any supporting documents to the interrogatories in question.  *Id*.

ORDER - 4

## STANDARD OF REVIEW

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).

## DISCUSSION

Mr. Dudgeon argues that he has a substantial need for evidence relating to the qualifications of SCC clinical staff members "whose decisions have directly impacted" him and the matters at issue in this lawsuit. ECF NO. 33, p. 2. He also argues that "serious questions have arisen regarding the qualifications of Defendants "and other SCC clinical staff" with whom Defendants have "undoubtedly conferred and been influenced by and relied upon." *Id.*

Defendants respond that Mr. Dudgeon seeks information about non-parties and about activities that have no relevance to the claims asserted in this case. In reply, Mr. Dudgeon states that Defendants Green and Mitrovich denied him possession of the photo calendar based on their "professional judgment," and therefore, he is entitled to discover what qualifications they possess to make such judgments. ECF No. 38, pp. 3-4. Defendants concede that the Defendants' qualifications are relevant to Mr. Dudgeon's claims. The record reflects that Mr. Dudgeon has been provided with copies of Ms. Green's and Mr. Mitrovich's curricula vitae and that they answered discovery propounded to them by Mr. Dudgeon related to their qualifications. ECF No. 36, p. 1.

As to the qualifications of other SCC clinical staff, Mr. Dudgeon has provided no explanation as to why the information he seeks is relevant to his claims or is reasonably calculated to lead to the discovery of admissible evidence.

For example, in Interrogatory No. 5, Mr. Dudgeon asks "[h]ow many individuals do you have on your full time staff who are licensed to practice psychology in the State of Washington?" ECF No. 35, Exh. 1, p. 5. The qualifications of clinical staff employees is not relevant to whether Defendants Green and Mitrovich exercised professional judgment in determining whether it was appropriate for Mr. Dudgeon to possess the photo calendar.

In Interrogatory No. 6, Mr. Dudgeon asks, "Of those individuals referred to in Interrogatory No. 5, how many are Board Certified in the diagnosis and treatment of sexual disorders?" ECF No. 35, Exh. 1, p. 5. As noted above, there is nothing to indicate that the qualifications of SCC clinical staff who were not involved in the decision to withhold Mr. Dudgeon's calendar are in any way relevant to Mr. Dudgeon's claims.

In Interrogatory No. 7, Mr. Dudgeon asks, "Do those individuals on your staff who meet the criteria listed in Interrogatories No. 5 and No. 6 conduct all the sexual deviancy treatment programs and activities being conducted at the SCC?" ECF No. 35, Exh. 1, p. 5. Exhibit 1, at 5. Defendants argue that the identity of the persons who conduct the sexual deviancy treatment programs at SCC and their qualifications are not relevant to Mr. Dudgeon's claims, particularly because Mr. Dudgeon declines to consent to treatment and does not participate in any sexual deviancy treatment programs at SCC. ECF No. 35, p. 4 (*citing* ECF No. 20, p. 9 and ECF No. 20, pp. 18-24). Thus, Defendants argue that it strains reason to suggest that the identity and qualifications of the individuals who conduct treatment are somehow relevant to

ORDER - 6

whether the named defendants violated Mr. Dudgeon's First Amendment rights relating to a photo calendar received by him in the mail.

Mr. Dudgeon argues that he seeks information relating to the qualifications of SCC clinical staff members whose decisions have directly impacted him.  ECF No. 33, p. 2.  Plaintiff maintains that the information he seeks is relevant because there "is a great deal of interface with SCC clinical and other staff members involving exchanges of and feed-back on professional opinions and concepts, problems and resolution approaches, individual treatment and activity decisions," and that such "interchange with fellow professional contemporaries," necessarily "mold[ed] Defendants' thinking and decision process." ECF No. 38, p. 4.  Mr. Dudgeon also believes that all who treat individual residents at the SCC who are sex offenders should be licensed to practice psychology, be board certified or at least have a certificate of qualification. *Id*.

The "interchange" on which Plaintiff relies is purely speculative and conclusory.  He has not shown how any SCC staff member other than the named Defendants were involved in the decision to deny Mr. Dudgeon possession of the photo calendar.  Moreover, as noted above, those Defendants that were involved have produced information relating to their qualifications.

Mr. Dudgeon also argues that "[s]erious questions have arisen regarding the qualifications of those individuals, named as Defendants in the civil rights lawsuit mentioned above, as well as other SCC clinical staff members with whom Defendants have undoubtedly conferred and been influenced by and relied upon." ECF No. 33-1.  Mr. Dudgeon provides no evidence in support of this claim.  Even if other SCC clinical staff are unqualified, Mr. Dudgeon's claim that this would impact the Defendants' decision to deny Mr. Dudgeon possession of the photo calendar is merely speculative.  The evidence reflects that Mr.

ORDER - 7

Dudgeon's Program Area Manager Melissa Green, and Joseph Mitrovitch, the Psychology Associate assigned to Mr. Dudgeon, reviewed the photo calendar, Mr. Dudgeon's offense history, NAP, AR, and offense history, and that they based their decision to deny him possession of the photo calendar based on that review.

The information requested in Interrogatory No. 9 is similarly not relevant to Mr. Dudgeon's claims in this case. In Interrogatory No. 9, Mr. Dudgeon asks, "During all the treatment activities or evaluation processes, individual or group, being conducted at the SCC by other than a licensed psychologist, is there a licensed psychologist in the immediate vicinity supervising the nonlicensed individual conducting the activity and/or does a licensed psychologist subsequently review the conclusions and recommendations of the individual conducting each activity?" ECF No. 35, Exh. 1, p. 6. Mr. Dudgeon's claims are not related to "all treatment activities or evaluation processes, individual or group," but are related to the denial of possession of a photo calendar he received in the mail. In addition, Mr. Dudgeon is not in a specific treatment program, and he does not allege that any other clinical staff members were involved in denying him possession of the photo calendar.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for information relating to the qualifications of other SCC clinical staff is not relevant to his claims in this case, i.e., that Defendants violated his rights when they denied him possession of the photo calendar, as the information sought does not tend to make that fact more or less likely true. The record reflects that Defendants have responded to Mr. Dudgeon's requests for production, interrogatories, and admissions relating to their qualifications. ECF No. 36, p. 2.

ORDER - 8

According, it is **ORDERED:**

(1)   Plaintiff's motion to compel Defendant Sturgeon to answer Interrogatory Nos. 5, 6, 7, and 9 (ECF No. 33) is **DENIED.**

(2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  6th  day of December, 2010.

                                    Karen L. Strombom
                                    United States Magistrate Judge

ORDER - 9